**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

**ROCK HILL DIVISION**

| | |
|---|---|
| VICKIE J. MCCREE, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ARIANE MCCREE. | ) Civil Action No.: 0:20-cv-00867-MGL-PJG ) ) ) |
| Plaintiff, | ) **PLAINTIFF'S LOCAL CIVIL** ) **RULE 26.03 DISCLOSURES** |
| v. | ) ) |
| CHESTER POLICE DEPARTMENT; CITY OF CHESTER; JOHN DOE OFFICER #1, in his individual capacity; JOHN DOE OFFICER #2, in his individual capacity; JOHN DOE OFFICER #3, in his individual capacity; WALMART INC.; and WAL-MART STORES EAST, L.P., | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

Plaintiff, by and through her undersigned attorneys, hereby answers Local Civil Rule 26.03 Interrogatories in accordance with the District of South Carolina Local Civil Rules.

a) A short plain statement of the facts of case.

**ANSWER:** **This is a negligence, gross negligence, wrongful death, survival, false arrest/imprisonment, and civil rights action against the above-named Defendants arising from the shooting death of Plaintiff's decedent, Ariane McCree, at the Walmart store in Chester, S.C. on November 23, 2019. Mr. McCree was shot and killed by Chester Police Department officers while handcuffed. Several of the officers involved in the incident were working on behalf of Walmart at the time of the shooting. Plaintiff also alleges that the Walmart defendants had a policy of directing law enforcement officers to provide private**

security services at their stores for their benefit, including the detention and arrest of individuals without probable cause. Plaintiff also alleges the City of Chester and Chester Police Department were negligent in their hiring, training, and supervision of the John Doe officers in a manner that contributed to Ariane McCree's death.

(2)    The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.

**ANSWER:** Plaintiff has not determined the exact name and number of fact witnesses she will call in this matter. Subject to her reservation of rights to supplement this disclosure, Plaintiff identities the following witnesses likely to be called in this case:

a.    **Nicholas Harris**
Mr. Harris has been identified by the South Carolina Law Enforcement Division ("SLED") as one of the Chester Police Department officers who shot and killed Ariane McCree. Mr. Harris is expected to testify regarding the allegations in the Complaint and his personal knowledge of the facts and circumstances surrounding this incident.

b.    **Jeremy Baker**
Mr. Baker has been identified by SLED as one of the Chester Police Department officers who shot and killed Ariane McCree. Mr. Baker is expected to testify regarding the allegations in the Complaint and his personal knowledge of the facts and circumstances surrounding this incident.

c.    **Lavar Richardson**
Mr. Richardson has been identified by SLED as one of the Chester Police Department officers who chased Ariane McCree in the Walmart parking lot while he was handcuffed. Mr. Richardson is expected to testify regarding the allegations in the Complaint and his personal knowledge of the facts and circumstances surrounding this incident.

d.    **Makeesharia Tobias-Williams**
Ms. Tobias-Williams has been identified by SLED as one of the Chester Police Department officers who chased Ariane McCree in the Walmart parking lot while he was handcuffed. Ms. Tobias-Williams is expected to testify regarding the allegations in the Complaint and her personal knowledge of the facts and circumstances surrounding this incident.

e.  **Brian Tolbert**
    **Mr. Tolbert is a Special Agent with SLED who conducted an investigation of the shooting death of Ariane McCree. Special Agent Tolbert is expected to testify about SLED's investigation of the facts of the shooting.**

f.  **Unidentified Witnesses at the Walmart Store**
    **These witnesses are expected to testify regarding their personal knowledge of the activities of the Chester Police Department officers, Walmart store personnel, and/or Ariane McCree witnessed by them on the day of the shooting.**

g.  **Walmart Inc and Wal-Mart Stores East L.P. Corporate Representatives**
    **These witnesses are expected to testify regarding Walmart store employees' interactions with Ariane McCree; the shooting death alleged in the complaint; knowledge of store policies and procedures regarding security and related matters; and knowledge of company policies and procedures regarding store security and personnel.**

h.  **Vickie McCree**
    **Mrs. McCree, as personal representative of the decedent's estate, is the Plaintiff in this case and is Ariane McCree's mother. She will testify regarding the allegations in the Complaint and her knowledge of the facts and circumstances surrounding the incident as well as those regarding her son, and damages.**

i.  **EMS and Hospital Physicians**
    **These individuals are expected to testify regarding the injuries Ariane McCree sustained after being shot by Chester police officers and the cause of his death.**

(3)    The names and subject matter of expert witnesses (if no experts have been identified, the subject matter and field of experts should be given as to experts likely to be offered).

**ANSWER:    Plaintiff intends to name expert witnesses in this case and will disclose the names and subject matter of any proposed expert testimony pursuant to the applicable scheduling order in effect. Anticipated experts will likely be in the subject areas of law enforcement training and procedure, use of force, store security, and damages.**

(4)    A summary of the claims and defenses with statutory and/or case citations supporting the same.

3

**ANSWER:**

a) Negligence and gross negligence against all defendants. *See, e.g.*, <u>Clark v. S.C.</u>
<u>Dep't of Pub. Safety</u>, 362 S.C. 377, 382, 608 S.E.2d 573, 576 (2005); <u>Steinke v. S.C.</u>
<u>Dept. of Labor, Licensing, and Regulation</u>, 336 S.C. 373, 520 S.E.2d 142 (S.C.
1999).

b) Negligent hiring, supervision, and/or retention against Defendants City of Chester
and Chester Police Department. *See, e.g.*, <u>James v. Kelly Trucking Co.</u>, 377 S.C.
628, 631, 661 S.E.2d 329, 330 (2008); South Carolina Tort Claims Act, S.C. Code.
Ann. § 15-78-10 et seq.

c) Civil action for deprivation of rights pursuant to 42 U.S.C. § 1983 against
Defendant John Doe Officers 1-3 for violating Ariane McCree's right to be free
from excessive force and unlawful seizure guaranteed to him under the Fourth
Amendment to the U.S. Constitution.

d) Civil action for deprivation of rights pursuant to 42 U.S.C. § 1983 against
Defendant John Doe Officers 1-3 for failing to intervene and stop the
unconstitutional acts of their fellow officers, thereby functionally participating in
those unconstitutional acts. *See, e.g.*, <u>Stevenson v. City of Seat Pleasant, Md.</u>, 743
F.3d 411 (4th Cir. 2014).

e) Civil action for deprivation of rights pursuant to 42 U.S.C. § 1983 against
Defendants Walmart, Inc. and Wal-Mart Stores East L.P. as private entities
exercising powers traditionally reserved to the state and acting under color of
state law in causing violations of Ariane McCree's constitutional rights. *See, e.g.*,
<u>Austin v. Paramount Parks, Inc.</u>, 195 F.3d 715 (4th Cir. 1999).

**f) False arrest and false imprisonment against all defendants.** *See, e.g.*, <u>Gist v. Berkeley County Sheriff's Dept.</u>, **336 S.C. 611, 521 S.E.2d 163 (Ct. of App. 1999).**

**g) Survival Action against all defendants pursuant to S.C. Code Ann. § 15-5-90.**

**h) Wrongful Death against all defendants pursuant to S.C. Code Ann. § 15-51-10.**

(5)    Absent special instructions from the assigned judge, proposed dates for the following deadlines listed in Local Civ. Rule 16.02 (D.S.C):

      a.  Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; and

      b.  Completion of discovery.

**<u>ANSWER</u>:    The Parties are jointly submitting a proposed Scheduling Order that proposes deadlines for litigation activities, including dates for the disclosure of experts and the completion of discovery.**

(6)    Any special circumstances that would affect the time frames applied in preparing the scheduling order.

**<u>ANSWER</u>:    The parties have conferred and agree that the deadlines originally established by the Court and set forth in the Conference and Scheduling Order filed on February 28, 2020, should be extended as set forth in the proposed Consent Amended Scheduling Order contemporaneously filed by Defendants on behalf of all parties given the present pandemic.**

(7)    Any additional information requested in Pre-Scheduling Order (Local Civ. Rule 16.01 (D.S.C.)) or otherwise requested by the assigned judge.

**<u>ANSWER</u>:    None at this time.**

**The Plaintiff reserves the right to supplement these Answers to Interrogatories as discovery progresses in this case.**

Respectfully submitted,

**McLEOD LAW GROUP, LLC**

*s/ Colin V. Ram*
Colin V. Ram, No. 12958
W. Mullins McLeod, Jr., No. 7142
Post Office Box 21624
Charleston, South Carolina 29413
(843) 277-6655
colin@mcleod-lawgroup.com

*Attorneys for Plaintiff*

April 2, 2020
Mount Pleasant, South Carolina