# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

## ROCK HILL DIVISION

| | |
|---|---|
| VICKIE J. MCCREE, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ARIANE MCCREE. | ) Civil Action No.: 0:20-cv-00867-JMC-PJG ) ) ) |
| Plaintiff, | ) **MOTION TO AMEND COMPLAINT** ) |
| v. | ) ) |
| CHESTER POLICE DEPARTMENT; CITY OF CHESTER; JOHN DOE OFFICER #1, in his individual capacity; JOHN DOE OFFICER #2, in his individual capacity; JOHN DOE OFFICER #3, in his individual capacity; WALMART INC.; and WAL-MART STORES EAST, L.P., | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

Pursuant to Federal Rule of Civil Procedure 15(a), Local Civil Rule 7.1, and the Court's Amended Scheduling Order (ECF No. 24), Plaintiff Vickie McCree as Personal Representative of the Estate of Ariane McCree respectfully submits this motion and memorandum in support thereof for leave to file her Amended Complaint. The Chester Police Department and City of Chester consents to this motion to amend the complaint to name the two individual officers as defendants in this case. A full explanation of the motion is set forth herein pursuant to Local Civil Rules 7.04 and 7.05.

## PROCEDURAL POSTURE

On the morning of November 23, 2019, Plaintiff's son, Ariane McCree ("Ariane"), was shot and killed while handcuffed outside of the Walmart Supercenter store in Chester, South Carolina by Walmart security and Chester Police Department officers.

1

On February 3, 2020, Plaintiff filed a state court action against the Chester Police Department, City of Chester, Walmart, Inc., Wal-Mart Stores East, L.P., and three John Doe officers whose identities were unknown to her at the time of filing. Her complaint raises claims of negligence, gross negligence, wrongful death, survival, false arrest/imprisonment, and civil rights violations. Defendants thereafter removed the action to this Court. (ECF No. 1.)

At the time Plaintiff filed her state court complaint, the shooting of Ariane McCree remained under investigation by the South Carolina Law Enforcement Division ("SLED") and the identities of the officers and Wal-Mart security personnel who had handcuffed and shot and killed Ariane remained a closely-guarded secret kept from her and the public. Indeed, ten days after the shooting, Plaintiff, though counsel, requested a copy of SLED's investigation file from the shooting to find out what happened to her son, to no avail. For that reason, and based on the limited amount of information provided to her and her attorneys regarding the shooting, and based on the Walmart's repeated refusal to permit her or her attorneys to view any store surveillance video pre-suit, Plaintiff was unable to identify with certainty the names of the officers who killed her son. Accordingly, these individuals were named as "John Doe" officers in her original complaint dated February 3, 2020.

On March 20, 2020, SLED met with Plaintiff to discuss their findings and, immediately afterward, released a redacted narrative report of its investigation to the public that identified four Chester Police officers who were present at the Wal-Mart store on November 23, 2019, three of whom were also working off-duty security for Wal-Mart, and two of whom fired their weapons at Ariane. The SLED report, however, remained partially redacted and did not include any of the underlying exhibits, such as recordings of SLED interviews with the officers or video of the police

shooting that would provide additional context.  Plaintiff thereafter obtained those materials via subpoena issued in this case.

Accordingly, Plaintiff now moves to substitute Nicholas Harris for John Doe Officer # 1, Justin Baker for John Doe Officer # 2, and to dismiss John Doe #3 as a defendant in her case as there were only two shooters.  The proposed Amended Complaint is attached hereto as Exhibit A.

## ARGUMENT

Federal Rule of Civil Procedure 15(a) requires that leave to file an amended complaint be "freely given when justice so requires."  This standard is readily met here as Plaintiff's amended complaint does not raise any new claims, but simply substitutes named individuals for John Doe Officers No. 1 and 2 and provides the names of other off-duty police officers working security at Walmart the morning of the shooting.  The identity of these Defendants was discovered by Plaintiff after she filed her original complaint and through discovery in this action.  Plaintiff is seeking to amend her complaint to conform to the facts that have been learned thus far in this matter and substitute essential parties to the case.

By amending her complaint, Plaintiff desires to present a complete picture of the facts and circumstances that led to the death of her son, Ariane, and to hold accountable those persons directly responsible for his death.  The jury is entitled to assign fault to the entities and individuals that were actively involved and directly responsible for the events that caused Ariane's death.  The substitution of individual defendants Nicholas Harris and Justin Baker for John Doe Officers # 1 and 2 provides the jury a more complete opportunity to speak for the community and assign fault in this matter.

Defendants City of Chester and the Chester Police Department consent to this amendment.  Defendants Walmart, Inc. and Wal-Mart Stores East L.P. did not respond to Plaintiff's request for

consent to file this motion. Yet, even if the Walmart Defendants did object, there could be no credible claim of prejudice by any party to the proposed amended complaint. First, Nicholas Harris and Justin Baker were employed as Chester Police Officers at the time of the shooting. Thus, Defendants City of Chester and Chester Police Department knew their identity and their conduct in this case long before Plaintiff did. Second, the Walmart Defendants employed Nicholas Harris as their off-duty security guard on the day of the shooting and had access to their store surveillance camera footage that depicted the shooting as well as access to their employees present that morning who interacted with Ariane McCree and Nicholas Harris; thus, they too have been aware of his identity and role in this case well before Plaintiff.

Finally, the Amended Complaint is being submitted within the timeline set forth in the Court's Amended Scheduling Order, ECF No. 24, and well within the applicable statute of limitations for all claims; thus, there is no undue delay or futility in bringing this motion.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully seeks leave of this Honorable Court to amend the Complaint as set forth in Plaintiff's Amended Complaint attached hereto as Exhibit A.

Respectfully submitted,

        **McLEOD LAW GROUP, LLC**
        Post Office Box 21624
        Charleston, South Carolina 29413
        (843) 277-6655

        *s/ Colin V. Ram*
        Colin V. Ram, No. 12958
        W. Mullins McLeod, Jr., No. 7142
        colin@mcleod-lawgroup.com
        *Attorneys for Plaintiff*

September 28, 2020
Charleston, South Carolina