IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Vickie J. McCree, *As Personal Representative of the Estate of Ariane L. McCree*, </br></br>Plaintiff, </br></br>v. </br></br>Chester Police Department; City of Chester; Walmart Inc.; Wal-Mart Stores East, L.P., Justin M. Baker, *in his individual capacity*; Nicholas Harris, *in his individual capacity*, </br></br>Defendants. | C/A No. 0:20-867-JMC-PJG </br></br>**ORDER AND </br>REPORT AND RECOMMENDATION** |

The defendants removed this personal injury and civil rights action from the Chester County Court of Common Pleas. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the motion for partial dismissal and/or to strike filed by the Chester Police Department and City of Chester ("Chester Defendants"). (ECF No. 45.) Plaintiff filed a response in opposition to the motion (ECF No. 59), and the Chester Defendants filed a reply (ECF No. 61). Having reviewed the record presented and the applicable law, the court finds the motion to dismiss should be granted in part and denied in part. The motion to strike is denied.

## BACKGROUND

The following allegations are taken as true for purposes of resolving the motion to dismiss. This action arises out of the shooting of Ariane McCree at a Walmart store in Chester, South Carolina by Chester Police Officers Justin M. Baker and Nicholas Harris. Plaintiff, personal representative of McCree's estate, filed this action against Walmart, the officers, and separately, the City of Chester and the Chester Police Department. The Amended Complaint asserts only state

law tort claims against the Chester Defendants. The Chester Defendants now argue that the Chester Police Department should be dismissed because it is not a separate legal entity from the City of Chester that is capable of being sued. The Chester Defendants also move to strike Plaintiff's claims for punitive damages, treble damages, and joint and several liability.[1]

## DISCUSSION

**A.     The Chester Defendants' Motion**

   **1.     Motion to Dismiss**

The Chester Defendants argue the Chester Police Department should be dismissed because it is not separate legal entity apart from the City of Chester, and therefore, the Police Department cannot sue or be sued and it is redundant to name the Department as a defendant.

The Federal Rules of Civil Procedure provide that the law of the state in which the district court sits determines an entity's capacity to be sued. Fed. R. Civ. P. 17(b); Owens v. Balt. City State's Att'ys Office, 767 F.3d 379, 393 (4th Cir. 2014); see also Fed. R. Civ. P. 9(a) (providing that to raise the issue of a party's capacity to be sued, the party must do so by specific denial and state any support supporting facts that are peculiarly within the party's knowledge). A party's argument that it lacks the capacity to be sued is properly considered in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See, e.g., Owens, 767 F.3d at 384; see also 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1294 (4th ed. 2021) ("A specific denial of capacity, authority, or legal existence should be made in the responsive pleading or, if the lack of capacity, authority, or legal existence issue appears on the face of the pleadings or is

---

[1] The Chester Defendants appear to erroneously cite to Federal Rule of Civil Procedure 12(c) (motion for judgment on the pleadings), rather than 12(f) (motion to strike).

discernible therefrom, the issue can be raised by a motion to dismiss for failure to state a claim for relief.").

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The court "may also consider documents attached to the complaint, see Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

In the Amended Complaint, Plaintiff asserts:

> Upon information and belief, the Chester Police Department is a political subdivision of the City of Chester and is a municipal entity organized and created pursuant to the laws of the State of South Carolina. Along with the City of Chester, the Chester Police Department is responsible for the policies, practices, and customs of the Chester Police Department as well as for the hiring, training, supervising, controlling and disciplining of its police officers and other employees.

(Am. Compl. ¶ 5, ECF No. 41 at 2.) In its Answer, the City of Chester asserts that it is a municipality and political subdivision of the State of South Carolina, that the Police Department is a part of the City, and that the police officers involved in this case are *employees of the City*.

(Chester Answer ¶ 5, ECF No. 46 at 2.)  Consequently, the City of Chester admits that it is the proper entity to sue under the South Carolina Tort Claims Act ("SCTCA") for the torts purportedly committed by the officers.  S.C. Code Ann. § 15-78-40 (providing that the State, its agencies, political subdivisions, and other governmental entities are liable for the torts of their employees in the same manner and to the same extent as a private individual under like circumstances").

Despite the City of Chester's admission, Plaintiff stands on her pleading.  Generally, the court must accept as true Plaintiff's allegations in ruling on a motion to dismiss and cannot dismiss a party when allegations in the defendants' pleading conflict with the allegations in Plaintiff's pleading.  See 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1294 (4th ed. 2021) ("An effective denial of capacity, authority, or legal existence creates an issue of fact that in some instances—especially when there is a need for factual development to resolve the issue—will be reserved for determination at trial.").  And the Chester Defendants do not present any facts or local law, as would generally be their burden, to specifically show that the Chester Police Department has no legal existence apart from the City.  See Fed. R. Civ. P. 9(a) (providing that to raise the issue of a party's capacity to be sued, the party must do so by specific denial and state any supporting facts that are peculiarly within the party's knowledge); see also, e.g., Harris v. Mamou Police Dep't, C/A No. 6:18-CV-01024, 2019 WL 4204325, at *2, n.2 (W.D. La. Sept. 3, 2019) (assuming the defendant who raises lack of capacity in a Rule 12(b)(6) motion has the burden of proving lack of capacity).

The Chester Defendants argue that the SCTCA provides that the city, not the police department, is the proper entity to be sued here.  As stated above, the SCTCA provides that the State, its agencies, political subdivisions, and other governmental entities may be held liable for the torts of their employees.  The SCTCA defines "political subdivisions" as "the counties,

municipalities, . . . and special purpose districts of the State *and any agency, governmental health care facility, department, or subdivision thereof.*" S.C. Code Ann. § 15-78-30(h) (emphasis added). Therefore, the SCTCA itself does not appear to bar Plaintiff from naming the Chester Police Department as a defendant. The Chester Defendants cite to other cases from this district where a police department was dismissed because it was not the proper entity to sue under the SCTCA, (Chester Defs.' Mot., ECF No. 45-1 at 4-5), but in those cases, unlike here, the plaintiffs conceded that the police department was not the proper entity to be sued, or did not contest the motion. Perez v. City of Charleston Police Dep't, C/A No. 2:16-3677-DCN-BM, 2019 WL 5699055 at *8 n.12 (D.S.C. May 30, 2019); Wilson v. Slager, C/A No. 2:15-CV-2170-DCN-MGB, 2016 WL 11407785 at *6 (D.S.C. Jan. 25, 2016); Heath v. Town of Isle of Palms, C/A No. 2:18-3190-RMG-BM, 2019 WL 1339201 at *1-2 (D.S.C. Jan. 15, 2019). Accepting Plaintiff's allegations as true, the court cannot conclude at this time that the Chester Police Department is not a separate legal entity. Therefore, the Chester Defendants' motion to dismiss the Chester Police Department should be denied without prejudice to consider the issue at a different stage of this litigation.

    **2.    Motion to Strike**

The Chester Defendants move to strike from the Amended Complaint Plaintiff's requests for punitive damages, treble damages, and joint and several recovery. The Chester Defendants argue that such relief is not available under the South Carolina Tort Claims Act. Plaintiff asserts that she is not pursuing such relief from the Chester Defendants and consents to dismissal of those

requests for relief only against them; however, she argues that it would be improper to strike those claims from the pleading because they are asserted against all of the defendants.

Under the Federal Rules of Civil Procedure, the court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from the pleadings.  Fed. R. Civ. P. 12(f).  The purpose of a Rule 12(f) motion to strike is to reinforce the requirements of Rule 8 that pleadings be simple, concise, and direct; its purpose is not to secure dismissal of all or a part of claims.  5C Charles Alan Wright & Arthur R. Miller, Fed. Practice & Procedure § 1380 (3d ed. 2021).  Striking a party's pleading is an extreme measure that is viewed with disfavor.  Cty. of Dorchester, S.C. v. AT&T Corp., 407 F. Supp. 3d 561, 568 (D.S.C. 2019) (quoting Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000)).  Accordingly, the motion should only be granted if the movant can show that it would be prejudiced by the allegation's presence in the pleading.  See Hardy v. Lewis Gale Med. Ctr., LLC, 377 F. Supp. 3d 596, 605 (W.D. Va. 2019); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380 (3d ed. 2021).

In light of Plaintiff's concession that she is not seeking the challenged relief against the Chester Defendants, the court sees no prejudice and declines to strike those prayers for relief.

**ORDER**

The Chester Defendants' motion to strike is denied, as they cannot show prejudice in light of Plaintiff's concession that she is not seeking the challenged relief against the Chester Defendants.

## RECOMMENDATION

The court recommends the Chester Defendants' motion to dismiss be denied without prejudice.

January 29, 2021  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).