# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Vickie J. McCree, *As Personal Representative of the Estate of Ariane L. McCree*, | Civil Action No.: 0:20-cv-00867-JMC |
| Plaintiff, | **ORDER AND OPINION** |
| v. | |
| Chester Police Department; City of Chester; Walmart Inc.; Wal-Mart Stores East, L.P.; Justin M. Baker, *in his individual capacity*; Nicholas Harris, *in his individual capacity*, | |
| Defendants. | |

Plaintiff Vickie J. McCree ("Plaintiff"), as Personal Representative of the Estate of Ariane L. McCree, brought this action in the Chester County Court of Common Pleas. (*See* ECF No. 1.) Defendants removed this action on February 27, 2020. (ECF No. 1.) This matter is before the court on the motion of Defendants Chester Police Department and City of Chester ("Chester Defendants") to dismiss/strike pursuant to Rules 12(b)(6) and 12(f)[1] of the Federal Rules of Civil Procedure. (ECF No. 45.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) (D.S.C.), the matter was referred to a United States Magistrate Judge for pretrial handling. On January 29, 2021, the Magistrate Judge issued an Order and Report and Recommendation (ECF No. 72) recommending that Chester Defendants' Motion to Dismiss be denied without prejudice and denying Chester Defendants' Motion to Strike. For the reasons set forth below, the court **REJECTS** the Magistrate Judge's Report and Recommendation (ECF No. 72) and **GRANTS**

---

[1] Chester Defendants appear to erroneously cite to Federal Rule of Civil Procedure 12(c) (motion for judgment on the pleadings), rather than 12(f) (motion to strike). (*See* ECF No. 45.)

1

Defendants' Motion to Dismiss (ECF No. 45) claims against Defendant Chester Police Department. The court **DENIES** Chester Defendants' Motion to Alter or Amend (ECF No. 82).

## I. BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (*See* ECF No. 72.) The court will only reference additional facts that are pertinent to the analysis of the issues before it. (*Id.* at 1.) This action arises out of the shooting of Ariane McCree at a Walmart store in Chester, South Carolina by Chester Police Officers Justin M. Baker and Nicholas Harris. (*Id.*) Plaintiff, as the personal representative of McCree's estate, filed this action under the South Carolina Torts Claims Act ("SCTCA") (S.C. Code Ann. § 15-78-10 *et seq.*) against Walmart, the officers, and separately, the City of Chester and the Chester Police Department. (*Id.*)

On November 16, 2020, Chester Defendants filed a motion for partial dismissal and/or to strike. (ECF No. 45.) Plaintiff filed a response in opposition to the motion (ECF No. 59), and Chester Defendants filed a reply (ECF No. 61). On January 29, 2021, the Magistrate Judge issued an Order and Report and Recommendation (ECF No. 72) recommending that Chester Defendants' Motion to Dismiss be denied without prejudice and denying Chester Defendants' Motion to Strike. Chester Defendants filed an objection to the Magistrate Judge's recommendation (ECF No. 74) and a motion to alter or amend under Federal Rule of Civil Procedure 59(e) (ECF No. 82). Plaintiff replied to Chester Defendants' objection (ECF No. 83) and responded to Chester Defendants' motion (ECF No. 88). Chester Defendants also filed a reply to Plaintiff's response to their Motion to Alter or Amend. (ECF No. 90.)

## II. JURISDICTION

The court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332,

because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. For jurisdictional purposes, Plaintiff alleges that she is the duly appointed personal representative for the estate of Ariane Lamont McCree, who at all times herein, was a citizen and resident of Chester County, South Carolina. (ECF No. 41 at 2.) Plaintiff further alleges that Defendant City of Chester is a municipality created pursuant to the laws of South Carolina, Defendant Chester Police Department is a political subdivision of the City of Chester, and Defendants Nicholas Harris and Justin Baker are citizens of South Carolina. (*Id.* at 2–3.) Plaintiff asserts, upon information and belief, Defendant Wal-Mart Stores East, L.P. is a foreign limited partnership and Defendant Walmart Inc. is a foreign corporation. (*Id.* at 3.) The court is satisfied that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. (*See* ECF No. 1.)

### III.   MOTION TO DISMISS

#### A.   Legal Standard

##### 1.   Report and Recommendation

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to for clear error, including those portions to which only "general and conclusory" objections have been made. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or

modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

### 2. Motion to Dismiss

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

A Rule 12(b)(6) motion "should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (*citing Twombly*, 550 U.S. at 556). Courts commonly refer to this as the *Twombly/Iqbal* standard for federal pleadings, which a plaintiff needs to overcome to survive a Rule 12(b)(6) dismissal. *Brown-Thomas v. Hynie*, 412 F. Supp. 3d 600, 605 (D.C. 2019).

**B.     Analysis**

1.     The Magistrate Judge's Review

In the Report, the Magistrate Judge explained "Chester Defendants argue the Chester Police Department should be dismissed because it is not a separate legal entity apart from the City of Chester, and therefore, the Police Department cannot sue or be sued." (ECF No. 72 at 2.) Citing Plaintiff's Amended Complaint (ECF No. 41), the Magistrate Judge noted Plaintiff asserts "Chester Police Department is a political subdivision of the City of Chester and is a municipal entity organized and created pursuant to the laws of the State of South Carolina." (ECF No. 72 at 3 (citing ECF No. 41 at 2).) The City of Chester responds that "it is a municipality and political subdivision of the State of South Carolina, that the Police Department is a part of the City, and that the police officers involved in this case are *employees of the City*." (*Id.* at 3–4 (citing ECF No. 46 at 2) (emphasis original)).) Consequently, the Magistrate Judge explained, "the City of Chester admits that it is the proper entity to sue under the [SCTCA] for the torts purportedly committed by the officers." (*Id.* at 4 (citing S.C. Code Ann. § 15-78-40 (providing that the State, its agencies, political subdivisions, and other governmental entities "are liable for the torts of their employees in the same manner and to the same extent as a private individual under like circumstances"))).)

Although Chester Defendants argue that the city, not the police department, is the proper entity to be sued under the SCTCA, the Magistrate Judge found that the Act itself does not appear to bar Plaintiff from naming the Chester Police Department as a defendant. (ECF No. 72 at 4–5 (citing S.C. Code Ann. § 15-78-30(h)).) The Magistrate Judge concluded that Chester Defendants' Motion to Dismiss the Chester Police Department should be denied without prejudice to consider the issue at a different stage of the litigation. (ECF No. 72 at 5.)

2.   Defendants' Objections

Initially, Chester Defendants object to the Report "because it failed to consider and follow legal authority that establishes that the Police Department should be dismissed from this action because it is not a legal entity amenable to suit as a matter of law." (ECF No. 72 at 1.) Chester Defendants assert that federal courts have addressed this issue in the context of suits for damages pursuant to 42 U.S.C. § 1983, and it is "well-settled in those cases that a police department is not a person that can be sued under § 1983 but that the proper defendant is the city itself." (*Id.* at 2.) Chester Defendants refer to their initial memorandum in support of their motion to dismiss, asserting that the Magistrate Judge erroneously ignored the legal authority they cited. (*Id.* at 3.) Chester Defendants also argue that the Report "errs in failing to follow similar rulings for state tort claims under the [SCTCA]." (*Id.* at 4.)

Next, Chester Defendants object "to the portion of the Report requiring the [d]efendants to present evidence on the issue of the Police Department's capacity to be sued." (*Id.* at 5.) Chester Defendants assert that the "recommendation in the Report was based in part upon the belief that the defendants were required to show evidence on the issue of the Police Department's capacity to be sued." (*Id.* (citing ECF No. 72 at 2, 4).) Chester Defendants further assert that this argument is not a factual inquiry but has a clear answer as a matter of law. (*Id.* at 6.) Chester Defendants also object to the Magistrate Judge's assertion that the allegations of the Complaint must be accepted as true in determining whether to dismiss the Police Department (*id.* at 6), the Magistrate Judge's conclusion that the SCTCA does not appear to bar the state law claim against the Chester Police Department (*id.* at 9), and the Report's failure to address the issue of redundant defendants and to require that one of them be dismissed (*id.* at 10).

6

In her response, Plaintiff asserts that Chester Defendants erroneously rely on § 1983 case law in their objections to the Report and that they have failed to meet their burden to establish a lack of capacity to be sued. (ECF No. 83 at 3, 5.)

### 3. The Court's Review

The court concludes the Chester Police Department is not the proper defendant in this case. As stated above, the court reviews de novo those portions of a magistrate judge's report and recommendation to which specific objections are filed. *See Diamond*, 416 F.3d at 315. Federal courts in this district have determined that the city is the proper defendant under the SCTCA and have dismissed police departments based upon that finding. *See Heath v. Town of Isle of Palms*, C/A No. 2:18- 3190-RMG-BM, 2019 WL 1339201, at * 1, (D.S.C. January 15, 2019) (town was the proper defendant under the SCTCA and police department should be dismissed as a defendant), *report and recommendation adopted*, C/A No. 2:18-3190-RMG, 2019 WL 447317 (D.S.C. February 5, 2019); *Wilson v. Slager*, C/A No. 2:15-2170-DCN-MGB, 2016 WL 11407785, at * 6 (D.S.C. January 25, 2016) (city, not the police department, was proper party under the SCTCA), *report and recommendation adopted* C/A No. 2:15-2170-DCN, 2016 WL 1253179 (D.S.C. March 3, 2016). In determining the proper defendant, courts look to the language of the SCTCA, which provides:

> [A] person, when bringing an action against a governmental entity under the provisions of this chapter, shall name as a party defendant only the agency or political subdivision for which the employee was acting and is not required to name the employee individually, unless the agency or political subdivision for which the employee was acting cannot be determined at the time the action is instituted. In the event that the employee is individually named, the agency or political subdivision for which the employee was acting must be substituted as the party defendant.

S.C. Code Ann. § 15-78-70(c); *see also Wilson*, C/A No. 2:18-3190-RMG, 2019 WL 447317, at *6 ("The proper party under section 15-75-70(c) is the City."). In her Amended Complaint,

7

Plaintiff alleges that "the City of Chester, its agents, servants, and employees operated, maintained and controlled the Chester Police Department, including all police officers and employees thereof" and that the City "is responsible for the policies, practices and customs of the Chester Police Department as well as the hiring, training, supervising, controlling, and disciplining of its police officers and other employees." (ECF No. 41 at 2.)  Plaintiff further alleges that both police officer defendants were employed by and agents of the City of Chester and were acting "individually, and under the color of state law" at the various times giving rise to the causes of actions alleged. (*Id.* at 2–3.)  Therefore, Plaintiff has named the City of Chester as the political subdivision for which the employees were acting at the time of the alleged conduct at issue, and Chester Police Department is not a proper defendant.

Based upon the foregoing, there is no set of facts which would support Plaintiff's claims against the Chester Police Department.  Accordingly, the court finds the City of Chester is the proper party to be sued in this case and dismisses the claims against the Chester Police Department.[2]

### IV.    MOTION TO STRIKE

#### A.    Standard

The court will review Chester Defendants' motion for the Magistrate Judge to amend her order pursuant to Federal Rule of Civil Procedure 59(e) as a motion to reconsider before this court. When reviewing a magistrate judge's order on a nondispositive matter, the district court may modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.  *See* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial

---

[2] Because the court dismisses the Chester Police Department on this basis, Chester Defendants' other arguments need not be addressed.

matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.")

### B.     Analysis

Chester Defendants moved to strike Plaintiff's requests for punitive damages, treble damages, and joint and several recovery from the Amended Complaint, arguing that such relief is not available under the SCTCA. (ECF No. 45 at 1.) Plaintiff agreed to dismissal of those requests against Chester Defendants, but argues it would be improper to strike those claims entirely because they are asserted against other defendants. (ECF No. 59 at 9.) Ultimately, the Magistrate Judge denied Chester Defendants' Motion to Strike because "they cannot show prejudice in light of Plaintiff's concession that she is not seeking the challenged relief" against them. (ECF No. 72 at 6.) Chester Defendants filed a Motion to Alter or Amend pursuant to Federal Rule of Civil Procedure 59(e) (ECF No. 82) and a Memorandum in Support (ECF No. 82-1). Chester Defendants asked the Magistrate Judge to reconsider and amend the order denying their motion to strike the requests for punitive damages, treble damages, and joint and several recovery from the Amended Complaint insofar as the requests apply to them. (ECF No. 82-1 at 1.)

The court finds nothing in the Magistrate Judge's order that is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A). Chester Defendants' Motion to Alter or Amend asserts the Magistrate Judge miscategorized the relief they sought as moving to strike requests for punitive damages, treble damages, and joint and several recovery from the pleadings entirely, when Chester Defendants moved to "strike those items only to the extent that they were directed at them." (ECF No. 82-1 at 5.) They further argue no law supports the Magistrate Judge's finding and that the denial of their motion to strike prejudices them because "nothing in the ruling on this issue prevents the [p]laintiff from changing her mind again" as to whether to pursue these damages against them.

(*Id.* at 9–10.) Chester Defendants also opine they are prejudiced because they will have to continue to raise this issue to avoid waiver issues. (*Id.* at 10.)

The court finds Chester Defendants' arguments unavailing. Failure to plead the specific limitation on the amount of recovery allowed under the SCTCA is not a waiver of the statutory limitations on recovery. *See Garrison v. Target Corporation*, 838 S.E.2d 18, 39 (S.C. App. 2020) ("the damages cap in the Tort Claims Act does not require any special findings that would affect the proof at trial"); *Parker v. Spartanburg Santiary Sewer Distr.*, 607 S.E.2d 711, 716 (S.C. App. 2005) (holding that the Tort Claims Act's damages cap did not have to be pled as an affirmative defense because it was "self-executing"). Plaintiff admits the SCTCA's prohibition on recovery of punitive damages, treble damages, and joint and several liability applies to Chester Defendants. (*See* ECF No. 59 at 9 ("Plaintiff is seeking punitive damages against all individual and corporate defendants, but recognizes the limitations imposed under the South Carolina Tort Claims Act for claims brought against governmental entities.").) As such, Plaintiff cannot claim the SCTCA does not apply at some future point in this litigation. *See Parker*, 607 S.E.2d at 715 (holding the plaintiff was legally and factually bound by her pleading and trial concession). Based upon the foregoing, the court finds the Magistrate Judge's order denying Chester Defendants' motion to strike was not clearly erroneous or contrary to law and denies Chester Defendants' Motion to Alter or Amend. (ECF No. 82.)

## V.     CONCLUSION

After conducting a thorough review of the Order and Report and Recommendation in this case, the court concludes that the Report provides an accurate summary of the facts and law and does not contain any clear error. Therefore, the court **REJECTS** the Magistrate Judge's Report and Recommendation (ECF No. 72), **GRANTS** Defendants' Motion to Dismiss (ECF No. 45),

and **DENIES** Chester Defendants' Motion to Alter or Amend (ECF No. 82).

    **IT IS SO ORDERED.**

*/s/ J. Michelle Childs*

United States District Judge

August 20, 2021
Columbia, South Carolina