IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Vickie J. McCree, As Personal Representative of the Estate of Ariane L. McCree,<br><br>Plaintiff,<br><br>vs.<br><br>City of Chester; Nicholas A. Harris, in his individual capacity; Justin M. Baker, in his individual capacity; Walmart Inc.; and Wal-Mart Stores East, L.P.,<br><br>Defendants. | Civil Action No. 0:20-CV-00867-JFA-PJG<br><br><br>**DEFENDANTS WALMART INC. AND WAL-MART STORES EAST, L.P.'S OBJECTION TO THE REPORT AND RECOMMENDATION** |

**I.      INTRODUCTION**

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, Defendants Walmart Inc. and Wal-Mart Stores East, L.P. (hereinafter, "the Walmart Defendants"), respectfully submit the following objection to only Section C, under "Discussion" (hereinafter, "Section C"), of the Report and Recommendation (hereinafter, "Report") (ECF 215) issued by the Magistrate Judge, in which the Magistrate Judge recommends remanding the remaining state law claims.  For the reasons set forth below, the Walmart Defendant respectfully request that this Court reject that specific recommendation of the Report and grant the Walmart Defendants' motion for summary judgment in its entirety.

**II.     BACKGROUND**

Plaintiff Vickie J. McCree, As Personal Representative of the Estate of Ariane L. McCree (hereinafter, "Plaintiff") filed a Complaint on February 3, 2020, and thereafter filed an Amended Complaint on November 4, 2020, both of which allege, inter alia, that on November 23, 2019, her son, Ariane McCree, was detained by off-duty law enforcement at the Walmart store in Chester, South Carolina, on allegations of shoplifting.  *See* Plaintiff's Amended Complaint (ECF 41).  She

1

further alleges that McCree thereafter fled from detention and was ultimately shot and killed by Chester Police Department officers. *See* Plaintiff's Amended Complaint. Plaintiff asserts causes of action against Walmart for negligence, gross negligence, violation of McCree's Fourth Amendment Rights under 42 U.S.C. § 1983, survival, wrongful death, and false arrest/false imprisonment as a result of the alleged incident. *See* Plaintiff's Amended Complaint (ECF 41). The parties conducted extensive written discovery and conducted fact and expert witness depositions, and discovery has now closed.

The Defendants all filed motions for summary judgment, which were referred to a Magistrate Judge pursuant to pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2) (D.S.C.). In the Report, the Magistrate Judge recommends that this Court grant summary judgment as to the federal claims under 42 U.S.C. § 1983 alleged against all Defendants. The Magistrate Judge also recommends the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims against the Defendants. *See* Report (ECF 215). The Walmart Defendants respectfully submit that the Magistrate Judge erred in failing to consider all the factors that weigh in favor of the Court exercising supplemental jurisdiction at least as to Plaintiff's remaining claims against the Walmart Defendants and ask that this Court overrule only that specific recommendation as set forth in Section C of the Report.

**III.    LEGAL STANDARD**

"The Court must make a de novo determination of any portions of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions." *Norris v. City of Anderson*, 125 F. Supp. 2d 759, 762 (D.S.C. 2000) (citing 28 U.S.C. § 636(b)(1)). The Magistrate Judge's recommendation does not

carry any presumptive weight, and the responsibility for making a final determination rests with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976).

Here, Defendants request that the Court review only the Magistrate Judge's recommendation that the Court decline to exercise supplemental jurisdiction over the remaining state law claims specific to the Walmart Defendants.

**IV.     ARGUMENT**

The supplemental jurisdiction statute provides the court discretion to dismiss or retain jurisdiction over a case when, as in this instance, it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (citation omitted) ("[T]rial courts enjoy wide latitude in determining whether . . . to retain jurisdiction over state claims when all Federal Claims have been extinguished."). *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988) sets forth the factors to consider when determining whether to exercise supplemental jurisdiction as follows: judicial economy, convenience, fairness, and comity. 484 U.S. at 351 n.7. District courts in the Fourth Circuit have considered other related factors, including: (1) whether the claim involves straightforward application of well-defined case law, *Caughman v. S.C. Dep't of Motor Vehicles*, 2010 U.S. Dist. LEXIS 6163, 2010 WL 348375, at *2 (D.S.C. Jan. 26, 2010); (2) whether the parties have completed discovery, *id.*; and (3) length of time the case has been pending in federal court, *Varner v. SERCO, Inc.*, 2018 U.S. Dist. LEXIS 40034, 2018 WL 1305426, at *4 (D.S.C. Mar. 12, 2018). In the present matter, the factors weigh in favor of this Court retaining supplemental jurisdiction. *See Semple v. City of Moundsville*, 195 F.3d 708, 714 (4th Cir. 1999) (affirming district court's exercise of supplemental jurisdiction over pendant state law claims following dismissal of federal claims).

This case has been pending since February 2020, discovery formally concluded on March 21, 2022, the Walmart Defendants' motion for summary judgment on the remaining state law claims have been fully briefed and is ripe for the court's review, the state court would need to acquaint itself with a case that this court is already familiar with, which would needlessly cause delay, and the remaining claims against the Walmart Defendants involve straightforward application of well-defined case law. *Talmantes v. Berkeley Co. Sch. Dist.*, 340 F. Supp. 2d 684, 690 (D.S.C. Sept. 24, 2004) (holding that "issues of federal policy and comity [did] not weight against retaining supplemental jurisdiction" because the state law claim at issue-intentional infliction of emotional distress-was well-established in South Carolina law).

Indeed, based upon the Magistrate Judge's ruling that probable cause existed to detain and/or arrest the Decedent for shoplifting, Plaintiff's claim of false imprisonment against Walmart cannot survive as a matter of law and this Court can readily grant summary for the Walmart Defendants. *See Huffman v. Sunshine Recycling, LLC*, 426 S.C. 262, 271 (2019) (holding that false imprisonment consists of depriving a person of his or her liberty without lawful justification, and the fundamental issue in determining the lawfulness of an arrest is whether there was probable cause to make the arrest). Additionally, this Court should also exercise supplemental jurisdiction over Plaintiff's claims of negligence, gross negligence, survival and wrongful death, and punitive damages, and grant summary judgment in the Walmart Defendants' favor based upon the findings of the Magistrate Court as to Plaintiff's federal claims. *See* Pl.'s Consolidated Memo. In Reply, p. 69 (ECF 170) ("there is clear and convincing evidence in the record to establish that Walmart's employees (McManus, Stephenson, and Curtsinger) and Walmart's paid security guards (Lavar Richardson, Makkesharia Williams-Tobias and Defendant Harris) engaged in willful wanton misconduct and in conscious and reckless disregard of McCree's rights under the law"); *compare*

4

*with* Report, pp. 33-34 (finding that because Plaintiff cannot establish a violation of the Decedent's constitutional rights and probable cause existed to arrest the Decedent, Walmart is entitled to summary judgment as to Plaintiff's § 1983 claims against it). However, even if Plaintiff's claims of negligence, gross negligence, survival and wrongful death, and punitive damages require additional findings beyond those made by the Magistrate Judge in her Report, those claims are all based upon well-established law in South Carolina that this Court has ruled upon in countless cases. This Court has already expended resources on this matter and the parties have vigorously litigated several issues before the Court; thus, keeping these claims in federal court would serve the interests of judicial economy, as this Court could rule upon the Walmart Defendants' motion that is already fully briefed and ready, instead of "for[cing] another court to needlessly familiarize itself with the facts of this case, consum[ing] scarce judicial resources and delay[ing] the ultimate resolution of the action." *Talmantes*, 340 F. Supp. 2d at 690.

**V.     CONCLUSION**

For the foregoing reasons, the Walmart Defendants object to only Section C of the Report and Recommendation. The Walmart Defendants respectfully request that this Court overrule that portion of the Report and Recommendation, find that it will exercise supplemental jurisdiction over Plaintiff's remaining claims against the Walmart Defendants, and grant Defendants' Motion for Summary Judgment on the remaining state law claims on the merits.

September 6, 2022

RESPECTFULLY SUBMITTED,

*s/Randi Lynn Roberts*
Regina Hollins Lewis, Federal ID No. 7553
rlewis@gaffneylewis.com
Randi Lynn Roberts, Federal ID No. 12462
rlroberts@gaffneylewis.com
Nashiba Boyd, Federal ID No. 11408
nboyd@gaffneylewis.com
**GAFFNEYLEWIS LLC**
3700 Forest Drive, Suite 400
Columbia, South Carolina 29204
(803) 790-8838

*Attorneys for Walmart Inc. and Wal-Mart Stores East, L.P.*

6