# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# ROCK HILL DIVISION

| | |
|---|---|
| Vickie J. McCree, as Personal Representative of the Estate of Ariane McCree, </br></br>    Plaintiff,</br></br>v.</br></br>City of Chester; Nicholas A. Harris, in his individual capacity; Justin M. Baker, in his individual capacity; Walmart, Inc.; and Wal-Mart Stores East, L.P.,</br></br>    Defendants. | C/A #: 0:20-cv-00867-JMC-PJG</br></br>**DEFENDANT CITY OF CHESTER'S OBJECTIONS TO THE REPORT AND RECOMMENDATION** |

    The Defendant City of Chester (hereinafter "Defendant" or "Defendant City of Chester") makes the following objections to the Report and Recommendation (Report) of the Honorable Magistrate Judge Paige J. Gossett dated August 22, 2022. ECF No. 211, only to the extent the Court recommended that the state law claims be remanded to state court. The Defendant further incorporates by reference the arguments made in its previous memoranda. ECF No. 143.

    Certainly, the court is accorded latitude to remand supplemental state law claims after all original jurisdiction claims have been dismissed. However, the City of Chester requests the court to consider the appropriate factors in making that decision. The factors weight in favor of the court retaining the supplemental state law claims and ruling upon the pending motions for summary judgment.

    The Court has jurisdiction over supplemental state law claims when the federal law claims and state law claims arise out of a common nucleus of operative fact, such that the plaintiff would

1

ordinarily be expected to try them in one proceeding. Carnegie-Mellon University v. Cohill, 484 U.S. 343, 108 S.Ct. 614, 618 (1988).  This approach broadened the scope of federal pendant jurisdiction.  Id.  The Supreme Court also determined that "the federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity to decide whether to exercise jurisdiction…." Id. @ 620.

Here, the case is in a late stage.  Discovery is over.  Summary judgment briefing is complete. The issues are well defined and presented by the parties.  The federal and state law claims arise out of a common nucleus of operative fact so that it would be expected that they be tried and/or considered in one proceeding.  The legal issues applicable to both the federal and state law claims are substantially similar.  The City of Chester asserts that ruling upon the state law claims would promote judicial economy, and be more convenient, efficient and fair to the parties.  If the state law claims are remanded, the parties must re-file summary judgment motions and materials in state court – causing the parties additional time, effort and expense.  The state court would have to familiarize itself with the facts and law applicable to the issues raised – causing the expenditure of additional judicial resources.  The legal issues the state court must consider are substantially the same as the issues considered by this court.  Given the present status of this case, the City of Chester asserts that hearing the pending and briefed motions as to the state law claims would be a proper and prudent exercise of judicial discretion and comply with a fair application with the appropriate factors to consider in retaining the state law claims.  For these reasons, the City of Chester requests the court to rule upon the pending motions as to the state law claims as further explained below.

1. The Defendant objects to the Report because it failed to address the Plaintiff's state claims that should also be ruled on here because the federal issues in the Plaintiff's 42 U.S.C. § 1983 claims, that the Report properly recommended be dismissed, are substantially similar

to the unaddressed state claims of False Arrest / False Imprisonment, Wrongful Death, and the Survival Action.

The Defendants moved for summary judgement on all of the Plaintiff's federal and state claims because the Plaintiff failed to establish the requisite elements for any of her causes of action. The Report properly recommended summary judgment be granted regarding the Plaintiff's 42 U.S.C. § 1983 claims of Use of Excessive Force, Unlawful Seizure, Bystander Liability, and the Violation of the Decedent's Forth Amendment rights. However, the Court did not recommend granting summary judgement on the state law claims but rather recommended remanding the state law claims to the South Carolina State Courts. That recommendation did not consider that the evidence required to prove the elements of the remaining state claims substantially overlaps with the federal law claims that the Plaintiff could not establish. Judicial economy would be served by hearing the state law claims too.

The elements of the Plaintiff's state claim of False Arrest / False Imprisonment are "(1) the defendant restrained the plaintiff, (2) the restraint was intentional, and (3) the restraint was unlawful." Gist v. Berkeley Cnty. Sheriff's Dep't, 336 S.C. 611, 618–19, 521 S.E.2d 163, 167 (Ct. App. 1999) (citing Andrews v. Piedmont Air Lines, 297 S.C. 367, 377 S.E.2d 127 (Ct. App. 1989)). In other words, the Plaintiff must prove that the Defendant intentionally restrained him without probable cause. Similarly, the proof for the Plaintiff's federal claim of 42 U.S.C. § 1983 Unlawful Seizure is an arrest without probable cause. See Patzig v. O'Neil, 577 F.2d 841 (3rd Cir. 1978) ("Clearly, an arrest without probable cause is a constitutional violation under s 1983.")

The Report correctly determined that the officers had probable cause to arrest the Plaintiff such that summary judgement should be granted in favor of the Defendant on the Plaintiff's 42 U.S.C. § 1983 Unlawful Seizure claim. Therefore, because the Plaintiff's state law claim for False Arrest / False Imprisonment is substantially similar to the federal claim under consideration, this

3

Court should rule on the state law claim and grant summary judgement in favor of the Defendants on that claim as well.

The elements of the Plaintiff's state claims for wrongful death and for the survival action require the Plaintiff to prove that the decedent's death was caused by the wrongful use of force by the Defendant and, if the decedent's death had not ensued, the decedent would have been able to maintain an action and recover damages from the Defendant. See S.C. Code Ann. § 15-51-10; see also S.C. Code Ann. § 15-5-89. To prove the Plaintiff's cause of action for "Use of Excessive Force" the Plaintiff needed to show that the force the officers used on the decedent was not "objectively reasonable facing the circumstances facing a police officer, without regard to the officer's underlying intent." See Neiswonger v. Hennessey, 89 F. Supp. 2d 766, 772 (N.D.W. Va. 2000).

The Report correctly determined that the officers in this case did not use excessive force because the use of deadly force here was "objectively reasonable." The determination of whether the use of force was proper is the only question in the Plaintiff's state law claims for Wrongful Death and for the Survival Action. If the officers were objectively reasonable when using force in this case, the decedent's death was not wrongful. Accordingly, because this Court already determined that the force used was proper, it should address the state law claims of Wrongful Death and the Survival, and grant summary judgment in favor of the Defendant because, as this Court has already determined, the decedent's death was not the result of any wrongful use of force by the officers in this case.

2. The Defendant objects to the Report because it failed to address both the Plaintiff's state law negligence claims. The Report's proper recommendation for summary judgement in the Defendant's favor on the Plaintiff's federal claims necessarily determines that the officers were not acting negligently under the circumstances and there was no negligence in their hiring, supervision, and retention of those officers by the City of Chester.

4

The Plaintiff's claim against the City for negligence and gross negligence as well as for negligent hiring, supervision, and retention of the officers in this case must be summarily dismissed as well. The Report's proper recommendation for summary dismissal of the Plaintiff's federal claims forecloses the possibility of the Plaintiff succeeding on his state law negligence claims.

The Report and Recommendation properly concludes that the officers' use of force was objectively reasonable under the circumstances and that the officers had probable cause to arrest the decedent. Those holdings would render a state law negligence claim for making that arrest and using that force irrelevant and subject to dismissal. There is no claim for negligence when making a proper arrest or using proper force. Also, the Defendants raised that a negligence claim does not exist because the actions were intentional and were alleged by Plaintiff to be intentional torts. Intentional torts cannot form the basis of a negligence action, especially when the intentional torts are subject to dismissal on their own merits. Since the officers acted objectively reasonably under the circumstances and had probable cause to arrest and for the use of force, the City of Chester cannot be negligent in hiring, supervising, or retaining the officers in question with regard to those very actions. Accordingly, this Court should address both of the Plaintiff's negligence claims and grant summary judgement in favor of the Defendant.

3. The City further objects to the failure to address the state law claims on grounds of judicial economy. Addressing the Plaintiff's state law claims, and recommending summary judgment on those claims, would effectuate judicial economy as a practical matter so the parties and the state courts do not have to spend additional resources adjudicating causes of action that have the same elements as the federal causes of action that were recommended for summary judgment by this Court.

Furthermore, as a practical matter, this Court should address, and grant summary judgement in favor of the Defendant on, the Plaintiff's state law claims for judicial economy purposes. The Plaintiff's federal and state law claims are either identical to each other or have a

5

significant overlap in their elements such that they can, and should, all be addressed by this Court. Remanding the Plaintiff's state law claims unnecessarily delays the inevitable outcome of those claims and unnecessarily results in the parties incurring more time and expense and expends state court judicial resources adjudicating issues already evaluated by this Court's rulings on the federal claims. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) (explaining that a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims); see also In re Modanifil Antitrust Litigation, 837 F.3d 238, 257 (3rd. Cir. 2016) ("[Judicial economy] primarily involves considerations of docket control, taking into account practicalities as simple as that of every attorney making an appearance on the record."); see also W. Maryland Wireless Connection v. Zini, 601 F. Supp. 2d 634, 640 (D. Md. 2009) (explaining that in the Fourth Circuit, "once an action reaches a final judgment on the merits, the doctrine of res judicata bars further claims by parties ... based on the same cause of action. Specifically, res judicata bars a party from relitigating a claim that was decided or could have been decided in an original suit. The doctrine was designed to protect litigants from the burden of relitigating an identical issue with the same party or his privy and to promote judicial economy by preventing needless litigation.") (internal citations and quotations omitted). Accordingly, in the interests of judicial economy, this Court should address the Plaintiff's state law claims because the state law and the federal law claims are either identical, or substantially similar, such that addressing these issues again on remand would needlessly relitigate claims that have already been decided and with which this court is already familiar.

For those reasons, the court should adopt the report and recommendation insofar as it addresses the federal claims and also hear and rule upon the pending motions with regard to the state law claims.

>MORRISON LAW FIRM, LLC
>
>By: *s/ David L. Morrison*
>    David L. Morrison (Fed. #3581)
>    7453 Irmo Drive, Suite B
>    Columbia, South Carolina 29212
>    Phone:  (803) 661-6285
>    Fax:    (803) 661-6289
>    E-mail:  david@dmorrison-law.com
>
>***Attorney for Defendant City of Chester***

Columbia, South Carolina

September 6, 2022

7