IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ROCK HILL DIVISION

| | | |
|---|---|---|
| Vickie J. McCree, as Personal Representative of the Estate of Ariane L. McCree, | ) ) ) ) | Civil Action No. 0:20-0867-JFA-PJG |
| Plaintiff, | ) ) | |
| v. | ) ) | **DEFENDANT HARRIS' OBJECTIONS TO REPORT AND RECOMMENDATION** |
| City of Chester; Nicholas A. Harris, in his individual capacity; Justin M. Baker, in his individual capacity; Walmart Inc.; and Walmart Stores East, L.P., | ) ) ) ) ) | |
| Defendants. | ) ) | |

The Defendant Nicholas Harris objects only to the portion of the Magistrate Judge's Report and Recommendation filed August 22, 2022 (ECF #211) that recommends remanding Plaintiff's state law causes of action to the Court of Common Pleas for Chester County. The Defendant Harris raises no objections to the Magistrate Judge's recommendations as to the disposition of the Plaintiff's federal claims.

In the Report and Recommendation, the Magistrate Judge recommended that the Plaintiff's federal claim for false arrest against the Defendant Harris be dismissed on the basis that probable cause existed for the Plaintiff's arrest. In addition, the Magistrate Judge recommended the dismissal of the Plaintiff's federal claim for excessive force on the basis that "no reasonable jury could conclude that the officers' use of deadly force when faced with that threat was unreasonable." (ECF #211, p. 32). Despite making such conclusive rulings that will

1

be entitled to preclusive effect in state court, the Magistrate Judge recommends the remand of the remaining state law claims for negligence/gross negligence and false arrest/imprisonment that remain against the Defendant Harris. In the interests of judicial economy, the Defendant Harris objects only to the recommendation that the state law claims be remanded and respectfully asks that this Court enter summary judgment on those claims as well.

In the leading case of *Shanaghan v. Cahill*, 58 F.3d 106 (4th Cir. 1995), the Fourth Circuit explained that "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." 58 F.3d at 110. In determining whether to retain jurisdiction over state law claims, courts look at "convenience and fairness to the parties, existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Id*. "The doctrine of supplemental jurisdiction 'thus is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values.'" *Id*., c*iting Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

Importantly, there is *not* a mandatory rule that state law claims must be remanded once the federal claims are dismissed. In fact, in *Carnegie-Mellon*, the United States Supreme Court clarified that the case of *United Mine Workers v. Gibbs*, 383 U.S. 726 (1966), was not intended to state such a rule: "In *Gibbs,* the Court stated that 'if the federal claims are dismissed before trial ... the state claims should be dismissed as well.' More recently, we have made clear that this statement does not establish a mandatory rule to be applied inflexibly in all cases." *Carnegie-Mellon*, 484 U.S. at 350, n.7, *citing Rosada v. Wyman*, 397 U.S. 397, 403-405 (1970).

Instead, it is well settled that district courts "enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished."

*Shanaghan*, 58 F.3d at 110. As indicated, the factors to be considered in exercising this discretion are "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Id.* In the case at bar, the foregoing factors weigh heavily in favor of retaining jurisdiction and dismissing Plaintiff's state law claims on the same bases that the federal claims were dismissed – the existence of probable cause for the Plaintiff's arrest and the objective reasonableness of the officers' use of force.

### I. False Arrest/False Imprisonment Claim

In her Tenth Cause of Action, the Plaintiff alleges a state law cause of action for false arrest or false imprisonment. Under South Carolina law, the causes of action for false arrest and false imprisonment are the same. *See*, *Carter v. Bryant*, 429 S.C. 298, 838 S.E.2d 523, 527 (Ct. App. 2020) ("[f]alse arrest in South Carolina is also known as false imprisonment"). "The elements of the tort are intentional restraint of another without lawful justification." *Id*. "In order to establish a cause of action, the evidence must prove: (1) that the defendant restrained the plaintiff; (2) that the restraint was intentional; and (3) that the restraint was unlawful." *Andrews v. Piedmont Air Lines*, 297 S.C. 367, 377 S.E.2d 127, 130 (Ct. App. 1989).

The Defendant Harris is entitled to summary judgment on this claim because there was probable cause for the Plaintiff's arrest, just as the Magistrate Judge has determined. In effect, the existence of probable cause makes the restraint lawful, and hence, the claim fails. South Carolina courts have consistently ruled that the absence of probable cause is also an essential element for the state law causes of action for false arrest and false imprisonment. *See, Jackson v. City of Abbeville*, 366 S.C. 662, 623 S.E.2d 656, 665, n. 4 (Ct. App. 2005). Therefore, for the

same reasons probable cause exists under the Magistrate Judge's analysis, the state law claim for false arrest/false imprisonment should likewise be dismissed.

South Carolina law does require that a misdemeanor, such as shoplifting or petit larceny, be committed in the officer's presence or otherwise that the crime be "freshly committed" in order for the officer to be authorized to arrest. However, that requirement has been satisfied based upon the uncontradicted evidence in the record. As the Magistrate Judge found, "[w]hen McCree returned to the store, he admitted that he took the door lock set without paying for it, explained that he told the cashier to put it on his tab, and offered to pay for it then. This information is more than sufficient to lead a reasonable officer to believe that McCree intended to take the door lock set without paying for it, a misdemeanor under South Carolina law." (ECF #211, p. 14). McCree's confession that he took the lock set without paying for it was made in the officers' presence, and that alone provides the probable cause to arrest under state law. The Magistrate Judge made that very point: "a reasonable officer could interpret McCree's offer to pay for the item upon return as a sign of guilt." (ECF #211, pp. 14-15). *See also*, *State v. Sawyer*, 283 S.C. 127, 322 S.E.2d 449, 449 (1984) (according to the South Carolina Supreme Court, the subject's "admission should be treated as part of the officer's sensory awareness of the commission of the offense which satisfies the *presence* requirement." 322 S.E.2d at 449.[1]

---

[1] The South Carolina appellate courts have construed the "freshly committed" exception quite broadly. A police officer has "the right to make a warrantless arrest for a misdemeanor not committed in his presence, if the facts and circumstances observed by the officer provided probable cause to believe a crime had been freshly committed." *State v. Clark*, 277 S.C. 333, 287 S.E.2d 143, 144 (1982). In *Fradella v. Town of Mount Pleasant*, 325 S.C. 469, 482 S.E.2d 53 (Ct. App. 1997), the South Carolina Court of Appeals extended the original rule so that an officer was not even limited to observing the facts and circumstances at the scene itself but includes the investigation that proceeded beyond the scene. In *Fradella*, the subject who was later arrested had left the scene of the accident before law enforcement arrived, and he went home. At the scene, the officers began to investigate and learned that Fradella had been given a ride home. The officers were told that he had smelled of alcohol. They traveled to his

Moreover, the record clearly demonstrates the existence of probable cause for the ensuing criminal activity by McCree both in the Loss Prevention Office and after he fled from there into the Wal-Mart parking lot. McCree physically assaulted the Defendant Harris in the Loss Prevention Office. That assault, together with McCree's escape from custody, provided probable cause for Harris to pursue McCree into the Wal-Mart parking lot. Additionally, after McCree came into possession of the firearm and his pointing and presenting of that firearm provided probable cause for the attempts to apprehend and arrest him, including the use of deadly force. Thus, the Plaintiff cannot prevail on her state law cause of action for false arrest/false imprisonment.

## II. Negligence/Gross Negligence Claim

In addition to the cause of action for false arrest or false imprisonment, the Plaintiff also alleges a claim for negligence or gross negligence which is premised on the same allegations of false arrest and excessive force on which the Magistrate Judge has recommended that summary judgment should be granted. The Defendant Harris is entitled to summary judgment on this claim on several bases.[2]

First, South Carolina jurisprudence does not allow for an intentional tort to be converted into a negligence claim. In a related context, the South Carolina Supreme Court has ruled that a

---

residence, spoke to Fradella, observed his bloodshot eyes and slurred speech, and obtained an admission that he was driving. The officers placed Fradella under arrest, and the court concluded that the arrest was lawful because the crime had been freshly committed.

[2] While the Defendant Harris believes that he was employed by and/or acting on behalf of the City of Chester with respect to the events of this case, it is not necessary for the Court to determine whether Harris is entitled to assert Tort Claim Act defenses. The non-Tort Claims Act defenses, based on findings already made by the Magistrate Judge with respect to the corresponding federal claims, are sufficient to warrant the dismissal of the state claims against Harris.

defamation claim may not be converted into a negligence claim. Instead, any allegation that a statement is false or otherwise defamatory must be brought as a defamation cause of action. In *Erickson v. Jones Street Publishers, LLC*, 368 S.C. 444, 629 S.E.2d 653 (2006), the Supreme Court affirmed the Rule 12(b)(6) dismissal of a negligence claim that was based on the same factual allegations as a defamation claim. The Supreme Court explained that "[a] claim that a statement constitutes libel or slander must be brought in a defamation cause of action, which is grounded in and affected by both common law and constitutional law." 629 S.E.2d at 674. *See also*, *McGlothlin v. Henneley*, 370 F.Supp.3d 603, 620 (D.S.C. 2019) (citing *Erickson* in dismissing negligence claim for defamation). The same is true in the case at bar. The Plaintiff cannot re-allege or convert her Fourth Amendment claim or her false arrest claim into a negligence or gross negligence cause of action. Thus, the Plaintiff's attempt to do just that should be dismissed consistent with what occurred in *Erickson*.

Second, and as a corollary of the foregoing point, under South Carolina law it is well settled that an unreasonable use of force is actionable as an intentional tort, specifically assault and battery. In *Moody v. Ferguson*, 732 F.Supp. 627 (D.S.C. 1989), this Court explained: "Although a law enforcement officer is privileged to use lawful force, he is nevertheless liable for assault if he uses force greater than is reasonably necessary under the circumstances." 732 F.Supp. at 632. Having found that "the force employed by the defendant in shooting at the plaintiff's car was unreasonable under the circumstances," this Court in *Moody* entered judgment in favor of the plaintiff on the state law assault claim. *Id*. *See also*, *Roberts v. City of Forest Acres*, 902 F.Supp. 662, 671 (1995) ("if a police officer uses excessive force, or 'force greater than is reasonably necessary under the circumstances,' he may be liable for assault or battery"). Therefore, a law enforcement officer who uses reasonable force in effectuating a lawful arrest cannot be held liable for assault or battery.

6

Here, the Magistrate Judge has already concluded that "no reasonable jury could conclude that the officers' use of deadly force when faced with that threat was unreasonable." (ECF #211, p. 32). That determination is entitled to preclusive effect in adjudicating the state law negligence claim.

Moreover, South Carolina law recognizes that intentional torts may not be committed in a negligent manner. In other words, negligence and battery are mutually exclusive; there is no such cause of action for a negligent assault and battery. *See*, *State Farm Fire & Cas. Co. v. Barrett*, 340 S.C. 1, 530 S.E.2d 132, 137 (Ct. App. 2000) (recognizing that "an intentional tort … by definition cannot be committed in a negligent manner"). Thus, to the extent that the Plaintiff is bringing a state law tort claim for the unreasonable use of force, the cause of action is one for assault and battery – not for negligence or gross negligence. The Plaintiff, however, did not allege a state law claim for assault and battery against the Defendant Harris.

Third, a cause of action for "negligent arrest" is not recognized under South Carolina law. In *Gist v. Berkeley County Sheriff's Department*, 336 S.C. 611, 521 S.E.2d 163 (Ct. App. 1999), the South Carolina Court of Appeals held that "[f]alse imprisonment is an intentional tort; negligence is not an element." 521 S.E.2d at 167. Accordingly, the Court of Appeals concluded that "the gross negligence standard is not applicable" to claims for intentional torts. *Id*. Similarly, in *Wyatt v. Fowler*, 326 S.C. 97, 484 S.E.2d 590 (1997), the South Carolina Supreme Court ruled that a sheriff and his deputies were entitled to judgment as a matter of law on a negligence action arising out of the execution of an arrest warrant. The Supreme Court concluded that "the state does not owe its citizens a duty of care to proceed without error when it brings legal action against them." 484 S.E.2d at 592. The Supreme Court explained that "police owe a duty to the public at large and not to any individual." *Id*. Consequently, the *Gist* and *Wyatt* cases demonstrate that South Carolina does not recognize a cause of action for "negligent

7

arrest."

Finally, as discussed above, there was probable cause for the arrest of Ariane McCree on numerous charges. The existence of probable cause would be a bar to a cause of action for "negligent arrest," assuming such a cause of action exists under South Carolina law.

For each of these reasons, the Defendant Harris is entitled to summary judgment on the negligence/gross negligence claim.

### III.  Wrongful Death

The Plaintiff also alleges a separate cause of action for wrongful death under the South Carolina wrongful death statute. The wrongful death claim incorporates the Plaintiff's prior allegations of negligence and gross negligence. *See*, Amended Complaint, ¶¶ 100-101. (Dkt. #41). The Defendant Harris also raised an additional defense based on the absence of evidence of proximate cause, which is a bar to the wrongful death claim. Specifically, the Plaintiff alleges that the fatal shot was fired by the Defendant Baker. That is demonstrated by the body cam footage from Officer Baker. When Baker began firing at McCree, the Defendant Harris was out of ammunition and had stopped firing. The fatal shot was not fired by Harris. Instead, the Plaintiff's pathology expert opines that the shots from Harris caused the non-fatal wounds to the right arm and left hip. *See*, Collins Depo., p. 63. There is no evidence that those wounds were fatal, i.e., resulted in death. *See*, *Lopez v. City of Los Angeles*, 196 Cal. App. 4th 675, 126 Cal. Rptr. 3d 706 (2011) ("It was undisputed Gallegos, Perez, or Sanchez fired the fatal shot. Therefore, appellant cannot establish negligence or wrongful death based on O'Sullivan's shot"); *Shannon v. County of Sacramento*, 2018 WL 3861604, *9 (E.D. Cal. 2018) ("Here, the only shots relevant to this claim are the second set of fatal shots. Jones' initial shot, although

8

potentially unreasonable, did not cause Mr. Shannon's death and so cannot be the basis for his wrongful death claim"). For this reason, the Defendant Harris' conduct did not proximately cause the death of Ariane McCree, and on this additional basis, he cannot be liable for the alleged wrongful death.

## CONCLUSION

In sum, the Fourth Circuit has clearly held that "[i]n a § 1983 action in federal court, where all federal claims are disposed of in favor of the defendants, leaving only state claims that have been briefed by both parties and are 'patently without merit,' the balance between judicial efficiency and comity is struck in favor of the federal court's disposition of the state claims." *McLenagan v. Karnes*, 27 F.3d 1002, 1009 (4th Cir. 1994). *See also*, *O'Bar v. Pinion*, 953 F.2d 74, 85 (4th Cir. 1991) ("[w]here, as here, all federal claims are dismissed, leaving only a state claim that was briefed by both parties and is patently without merit, judicial efficiency is served without risk of injury to a proper notion of comity by our disposing of this claim").

Contrary to the Magistrate Judge's recommendation, the factors to be considered in exercising the discretion to remand or not weigh significantly in favor of this Court exercising supplemental jurisdiction and disposing of the entire case against the Defendant Harris, state law claims included. Those claims are patently without merit given the Magistrate Judge's rulings on the corresponding federal claims. The parties have fully engaged in and completed discovery, and the issues have been fully briefed. There are no unique issues of state law that must be left to a state court to decide in the interests of comity. Quite simply, all notions of judicial economy, efficiency, fairness, and convenience fully support Defendant Harris' request that this Court exercise supplemental jurisdiction to adjudicate the remaining state law claims by granting summary judgment and not unnecessarily prolonging the litigation with a remand to state court.

For the foregoing reasons, the Defendant Nicholas Harris requests that the Court grant summary judgment on all claims, federal and state, alleged against him and dismiss the Amended Complaint in its entirety with prejudice.

                LINDEMANN & DAVIS, P.A.

                BY: _s/ Andrew F. Lindemann_
                    ANDREW F. LINDEMANN    #5070
                    5 Calendar Court, Suite 202
                    Post Office Box 6923
                    Columbia, South Carolina 29260
                    (803) 881-8920
                    Email: andrew@ldlawsc.com

                RICHARD J. DOLCE            #575
                Post Office Box 4403
                Irmo, South Carolina 29063
                (803) 772-7411
                Email: rjdolce@sc.rr.com

                *Counsel for Defendant Nicholas A. Harris*

September 6, 2022